UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**OLGA SANCHEZ MARQUEZ**,

      Plaintiff,

vs.

**DOLGENCORP, LLC., d/b/a DOLLAR
GENERAL, a foreign for-profit
corporation**,

      Defendant.

_____/

## **COMPLAINT**

Plaintiff OLGA SANCHEZ MARQUEZ, through undersigned counsel, sues Defendant

DOLGENCORP, LLC., d/b/a DOLLAR GENERAL, a foreign for-profit corporation, and alleges

as follows:

1.      This is an action for declaratory and injunctive relief, attorney's fees, costs, and

litigation expenses for unlawful disability discrimination in violation of Title III of the Americans

with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), as amended, and 28 C.F.R. Part 36.

2.      This Court has jurisdiction over this case based on federal question jurisdiction, 28

U.S.C. §1331 and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief

pursuant to 28 U.S.C. §§2201 and 2202.

3.      Venue is proper in this Court as all actions complained of herein and injuries and

damages suffered occurred in the Southern District of Florida.

1

4.     Plaintiff OLGA SANCHEZ MARQUEZ is a resident of Miami, Florida, is *sui juris*, and is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").  Plaintiff resides at 10060 SW 177th Street, Apartment 205, Miami, Florida.

5.     Plaintiff is and at all relevant times has been a visually disabled person who has been medically diagnosed with pathologic myopia with central chorioretinal atrophy secondary to her myopia and Addisson's disease.  Because of her medical condition, Plaintiff is legally blind and substantially limited in performing one or more major life activities, including, but not limited to, seeing, accurately visualizing her world, and adequately traversing obstacles.  As such, she is a member of a protected class under the ADA, 42 U.S.C. §12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§36.101, *et seq*., and 42 U.S.C. §3602(h).  Plaintiff also is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purposes of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their self-service kiosks, credit/debit card readers, and point of sale ("POS") devices are in compliance with the ADA and any other applicable disability laws, regulations, and ordinances.

6.     Defendant is a foreign for-profit corporation authorized to do business and doing business in Miami-Dade County, Florida.  Defendant owns, operates, and/or controls a chain of retail stores selling a large assortment of goods and services, including the store located in 18713 S Dixie Hwy, Cutler Bay, Florida, which Plaintiff had patronized in the past and intends to patronize in the near future, and as soon as May or June 2026.   Defendant's Cutler Bay store is located only 1.7 miles driving distance from Plaintiff's home.

7.     Plaintiff's blindness limits her in the performance of major life activities, including seeing, and she requires and relies upon auxiliary aids and services such as screen reading software,

accessible electronic and information technologies, tactile and other effective methods of making visually delivered materials available to persons who are blind or have low vision.

8.      At all times material hereto, Defendant was and still is an organization that owns, operates, and/or controls a chain of 20,900 retail stores under the name "Dollar General".  Each "Dollar General" store is open to the public.  As the owner, operator, and/or controller of these retail stores, Defendant is defined as a place of "public accommodation" within meaning of the ADA because Defendant is "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment" per 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

9.      Because Defendant is a store open to the public, each of Defendant's physical stores is a place of public accommodation subject to the requirements of the ADA, 42 U.S.C. §12182 and §12181(7)(E), and the ADA's implementing regulations, 28 C.F.R. Part 36.

10.      Because she is blind, Plaintiff does not drive. As a result, she relies on family members, friends, and ride assistance to travel within South Florida, including within Miami-Dade County, to visit and shop in retail stores.

11.      Plaintiff has been a customer of Defendant in its various retail stores, including the Cutler Bay store, and she visited Defendant's Cutler Bay store on April 8, 2026, with the intent to make a purchase of some small items.  Defendant chose to patronize the Cutler Bay store as it is physically close to her home and accessible to her to drive to with the assistance a family member, friend, or ride assistance.  Indeed, because of the close physical proximity to her home, Plaintiff has in the past frequented (more than ten times), and continues to frequent, the Cutler Bay area where Defendant's store is located to do her retail shopping and to dine in  local restaurants and fast food establishments.

12.     In its physical stores, including the Cutler Bay store Plaintiff patronized, Defendant has installed credit/debit card reader point of sale ("POS") devices that allow customers to insert, swipe, and input their debit card information, view information and prompts displayed on the POS device screens, and use a key pad to make and complete purchases using their confidential debit card pin numbers. These POS devices are not configured with tactile feedback or screen reader software nor are they configured to allow the plugin of headsets or ear buds to enable blind and visually disabled customers to tactilely and/or auditorily receive the information displayed on the POS device screens and to thereby independently and confidentially process, approve, and pay for their store purchases. As a result, blind and visually disabled customers such as Plaintiff are unable to fully, effectively, equally, independently, and confidentially access the information displayed on the store's POS device screens and thereby are discriminated against because of their visual disabilities in making and completing their store purchases through the POS devices.

13.     On April 8, 2026, Plaintiff visited and sought to patronize and purchase some small, low-cost items from Defendant's Cutler Bay store.  Plaintiff attempted to use one of the store's POS devices to complete her purchase using her debit card and, in doing so, attempted to access the information displayed on the POS device's screen by plugging her personal headset into the device.  However, Plaintiff was unable to independently and privately pay for her order through the POS device because the device did not have any place on it for Plaintiff to plug in her headset nor was it configured with screen reader software or tactile feedback that would effectively communicate to Plaintiff the visual information displayed on the POS device's screen. When Plaintiff inquired of a store staff member whether the POS device was configured for blind and visually disabled person access by allowing headset plugin, she was told it was not. Despite her obvious visual disability and her desire to use the POS device with her debit card, Plaintiff received

4

no further assistance from any of the store's staff, including no screen reading assistance, to enable her to independently and privately make her purchase through the POS device.

14.     As a result of the store's POS device not being fully accessible to, and not being independently and privately usable by, blind and visually disabled persons, Plaintiff was unable to fully access and use the device to effectively, efficiently, and independently make her purchase in the physical store.  This left Plaintiff feeling excluded, frustrated, and humiliated, and contributed to her sense of isolation and segregation as she was unable to participate in the same shopping experience provided in the physical store as the non-visually disabled public.

15.     Based upon an investigation performed on Plaintiff's behalf and upon information and belief, a significant number of POS devices in Defendant's other physical retail stores are similarly not accessible to and usable by blind and visually disabled persons who wish to privately and independently make purchases using the POS devices with their debit cards and PIN information.

16.     As a public accommodation, Defendant must provide appropriate auxiliary aids or services that comply with its effective communications and access obligations under the ADA. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. §§ 36.303(a) and (c)(1).

17.     Defendant has not provided and does not provide any auxiliary aids or services calculated to make its POS devices fully accessible to, and independently and confidentially usable by, blind and visually disabled people such as Plaintiff.

18.     Defendant has failed to reasonably accommodate blind and visually disabled customers who want the ease of access and use of the POS devices to independently and privately make their purchases in Defendant's stores using their debit cards and PIN numbers.  This failure to provide reasonable accommodation includes the failure to include on the POS devices a blind

interface system which employs an audio interface system, working assistive listening devices, a tactile keyboard, screen reading assistance from properly trained store personnel, and/or screen reader technology or other auxiliary aids for the blind and visually disabled.  All of these auxiliary aids were and are readily available to Defendant and should have been made available to its blind and visually disabled customers such as Plaintiff.

19.    Defendant thus has failed to provide its blind and visually disabled customers the ability to independently and privately use the POS devices like other, non-visually disabled customers.

20.    To take advantage of Defendant's services and privileges that are made available to the general public, Plaintiff is seeking injunctive relief that Defendant's POS devices in its retail stores be equipped or offered with assistive listening devices, headphone plugins, and/or associated screen reader software to ensure that they are independently and confidentially accessible and useable by the blind and visually disabled, including Plaintiff.  In addition, Plaintiff is seeking injunctive relief that Defendant's personnel be properly and fully trained to assist with screen reading for those blind and visually disabled customers such as Plaintiff who need screen reading assistance on the POS devices to make their purchases using a debit card and PIN number.

21.    Plaintiff desires and intends in the near future, and as early as May or June 2026, to return to and patronize Defendant's Cutler Bay store, but she continues to be exposed to real and imminent injury in that, should she attempt to patronize the store, she will again be unable to independently and privately access and use the store's POS devices using her debit card to pay for her purchases due to Defendant's lack of appropriate and necessary auxiliary aids and assistive listening and screen reader technology on the devices.

6

22.     By failing to employ proper auxiliary aids, assistive listening and screen reader technology and tactile aids on the POS devices in its retail stores, Defendant has discriminated against, and continues to discriminate against, the blind and visually disabled, including Plaintiff, in violation of the ADA.

23.     As a direct and proximate result of this discrimination, Plaintiff has suffered loss of dignity, mental and emotional anguish, and humiliation.  She thus has suffered an injury in fact through Defendant's past and ongoing discrimination.

24.     Public accommodations under the ADA must ensure that their places of public accommodation provide effective communication for all members of the general public, including individuals with visual disabilities such as Plaintiff.

25.     The broad mandate of the ADA is to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to on-site store ordering and payment technology and devices, such as the POS devices at issue in this case.

26.     Defendant is, and at all relevant times has been, aware of the barriers to effective communication that exist with its POS devices as to its blind and visually disabled customers.

27.     Defendant is, and at all relevant times has been, aware of the need to provide full and equal access to all visitors to its retail stores including the blind and visually disabled such as Plaintiff.

28.     The barriers to full, equal, and effective communication that exist with regard to the POS devices in Defendant's retail stores result in discriminatory and unequal treatment of individuals with visual disabilities, including Plaintiff.

29.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove, and this suit for declaratory judgment and injunctive relief is her only means to secure adequate and complete redress from Defendant's unlawful and discriminatory practices in connection with the operation of its POS devices.

30.     Notice to Defendant is not required because of Defendant's failure to cure the violations.

31.     Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§2201 and 2202.

32.     Plaintiff has retained the undersigned attorneys to represent her in this case and has agreed to pay them a reasonable fee for their services.

### COUNT I – VIOLATION OF THE ADA

33.     Plaintiff re-alleges paragraphs 1 through 32 as if set forth fully herein.

34.     Pursuant to 42 U.S.C. §12181(7)(E), Defendant is a public accommodation under the ADA and thus is subject to the ADA.

35.     At all times relevant to this action, Title III of the ADA, 42 U.S.C. §§ 12181, *et seq*., was in full force and effect and applied to Defendant's conduct.

36.     At all times relevant to this action, the United States Department of Justice regulations implementing Title III of the ADA, 28 C.F.R. Part 36, were in full force and effect and applied to the Defendants' conduct.

37.     At all times relevant to this action, Plaintiff has been substantially limited in the major life activity of seeing and thus is disabled as defined under the ADA, 42 U.S.C. §12102(2).

38.     Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations." 42 U.S.C. § 12182(a).

39.     Pursuant to Title III of the ADA and its implementing regulations, a public accommodation cannot deny participation or offer unequal or separate benefits to individuals with disabilities. 42 U.S.C. § 12182(b)(1)(A); 28 C.F.R. §§ 36.202.

40.     Pursuant to Title III of the ADA and its implementing regulations it "shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 42 U.S.C. § 12182(b)(1)(E).

41.     Pursuant to Title III of the ADA and its implementing regulations, a public accommodation shall furnish appropriate auxiliary aids and services to ensure effective communication with individual with disabilities. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303(b)(1).

42.     Pursuant to Title III of the ADA and its implementing regulations, a public accommodation, in choosing the type of auxiliary aid or service to ensure effective communication, must consider the "method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place." 28 C.F.R. § 36.303(c)(1)(ii).

43.     Pursuant to Title III of the ADA and its implementing regulations, in order to be effective, the type of auxiliary aid or service provided by the public accommodations "must be

provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii).

44.     Auxiliary aids and services include, but are not limited to, auditory, audio recordings, screen reader software, magnification software, optical readers, secondary auditory programs, large print materials, accessible electronic and information technology, tactile, other similar services and/or actions and other effective methods of making visually delivered materials available to individuals who are blind or have low vision. 28 C.F.R. §§ 36.303(b)(2), (4).

45.     Defendant discriminated against Plaintiff on the basis of her disability by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations of its places of public accommodation, in particular its Cutler Bay retail store, and by denying Plaintiff equal opportunity to independently and confidentially use and participate in and benefit from Defendant's POS device payment services in violation of the ADA.

46.     Defendant further discriminated against Plaintiff by failing to ensure effective communication through the specific provision of accessible and effective auxiliary aids and services for its POS devices.

47.     Defendant violated the ADA by, without limitation, failing to take the steps necessary to make its POS devices readily accessible and independently and privately usable by visually disabled persons such as Plaintiff who use their debit cards and PIN numbers to make their store purchases, and thereby denying those individuals the same full and equal use and benefit of the POS devices and effective communication with Defendant as are provided to the non-visually disabled members of the public.

48.     As set out above, absent injunctive relief there is a clear risk that Defendant's actions will recur with Plaintiff and/or other visually disabled persons seeking to make purchases

and paying for those orders independently and confidentially through the use of Defendant's POS devices located in its retail stores.

49.     Plaintiff, therefore, is entitled to injunctive relief, as well as an award of her attorneys' fees, costs, and litigation expenses pursuant to the ADA, 42 U.S.C. § 12188(a)(1).

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendant for the following relief:

A. A declaration that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA and its implementing regulations as described above in that Defendant took no action that was reasonably calculated to ensure that its POS devices in its retail stores were fully accessible to, and independently and privately usable by, individuals with visual disabilities;

B. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a), directing Defendant to take all steps necessary to bring its POS devices into full compliance with the requirements set forth in the ADA and its implementing regulations so that the devices are fully accessible to, and independently and privately usable by, visually disabled individuals, with the Court retaining jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause it to remain fully in compliance with the law;

C. A permanent injunction enjoining Defendant from continuing its discriminatory conduct;

D. An award to Plaintiff of her reasonable attorneys' fees pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505, including fees for the continued monitoring Defendant's compliance with the judgment and injunctive relief ordered (*see Gniewkowski v.*

*Lettuce Entertain You Enterprises, Inc.*, Case No. 2:16-cv-01898-AJS (W.D. Pa. Jan. 11, 2018) (ECF 191) ("Plaintiffs, as the prevailing party, may file a fee petition before the Court surrenders jurisdiction. Pursuant to *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 559 (1986), *supplemented*, 483 U.S. 711 (1987), the fee petition may include costs to monitor Defendant's compliance with the permanent injunction."); *see also Access Now, Inc. v. Lax World, LLC*, No. 1:17-cv-10976-DJC (D. Mass. Apr. 17, 2018) (ECF 11) (same);

E.  An award to Plaintiff of costs of suit and litigation expenses;

F.  An Order retaining jurisdiction over this case until Defendant has complied with the Court's Orders; and,

G.  Such other and further relief as the Court deems just and equitable.

DATED:  April 28, 2026.

**RODERICK V. HANNAH, ESQ., P.A.**
Counsel for Plaintiff
4800 N. Hiatus Road
Sunrise, FL 33351
T. 954/362-3800
954/362-3779 (Facsimile)
Email: rhannah@rhannahlaw.com

By:  *s/ Roderick V. Hannah*
  RODERICK V. HANNAH
  Fla. Bar No. 435384

**LAW OFFICE OF PELAYO DURAN, P.A.**
Co-Counsel for Plaintiff
6355 N.W. 36th Street, Suite 307
Virginia Gardens, FL 33166
T. 305/266-9780
305/269-8311 (Facsimile)
Email: duranandassociates@gmail.com

By:  *s/ Pelayo M. Duran*
  PELAYO M. DURAN
  Fla. Bar No. 0146595